E-FILED
Tuesday, 07 September, 2004 11:20:26 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 04 CV 4032 |
| ) | |
| COUNTY OF MERCER, A LOCAL ) | |
| GOVERNMENTAL UNIT OF THE STATE) | |
| OF ILLINOIS AND AS PLAN ) | FILED |
| ADMINISTRATOR OF THE MERCER ) | |
| COUNTY EMPLOYEE HEALTH PLAN ) | SEP 7 2004 |
| AND MERCER COUNTY HOSPITAL, ) | |
| A LOCAL GOVERNMENTAL ) | JOHN M. WATERS, Clerk |
| UNIT OF THE STATE OF ILLINOIS ) | U.S. DISTRICT COURT |
| ) | CENTRAL DISTRICT OF ILLINOIS |
| Defendants. ) | |

**Resistance to Defendant's Motion for a More Definite Statement**

1. Not withstanding the Defendant's protestations to the contrary, the plaintiff's Complaint meets the requirements of Rule 8(a) in containing a short, plain statement showing entitlement to relief.

A) FRCP Rule 8(a)  Count I of the Complaint alleges that defendant County was plan administrator under a health plan covered by the Public Health Service Act.  The Count II alleges breach of a contract (Employee Manual) when the County's Hospital terminated plaintiff's employment.  Neither count included the "Special Matters" described in Rule 9.  It contains no special pleading obligations such as neither fraud nor Rico Case statements.  The adequacy of the complaint is therefore measured under the liberal pleading of Rule 8.  The complaint is short (6 pages) and concise.  To the extent that the defendant is unaware of the legal relationship between the County and its Hospital Board, it can explore these facts though discovery.  At best defendant is being

disingenuous when they maintain that they are unable to file a responsive pleading implying that they are unaware of the relationship between Mercer County and its County Hospital.

2. Due to this liberal pleading requirements, Rule 12(e) motions for more definite statement are disfavored and granted only sparingly. Moore v. Fidelity Financial Services, Inc., 869 F. Supp. 557, 559-560 (N.D. Ill 1994). Such motions are not a substitute for discovery and will not be granted where the information sought could be obtained in discovery. Cross Timbers Concerned Citizens v. Saginaw, 991F.Supp. 563, 572-573("except for motions of failure to plead fraud or mistake with particularity to FRCP 9(b) a motion for more definite state may only be filed where the information sought cannot be obtained by discovery")

3. As a disfavored remedy, motions for more definite pleading will only be granted with the pleading is so "unintelligible; so hopelessly vague and ambiguous that a defendant cannot be fairly be expected to frame a response or denial to, at least not without risking prejudice" Hilska v. Jones 217 F.R.D.16,22 (D.D.C2003)

4. Defendant's relies on Vicom, Inc. v Harbridge Serv. Inc., 20 F. 3rd 771, 772 (7th Cir.1994) which involved a 119 page, 385-paragraph, nine-count amended complaint in which Vicom sought relief under RICO and supplemental state law fraud theories. The amended complaint alleged five schemes upon which Vicom based various predicate acts of mail and wire fraud. The complaint was viewed under the standards of Rule 9(a). The complaint was described a "prolixic and confusing making it difficult for the court to conduct an orderly litigation". Id at 775. ("..confusing, redundant, and seemingly interminable.") Certainly, plaintiff's 2 count six page complaint is neither prolixic,

confusing, redundant and seemingly interminable. We believe that this court is able to conduct orderly litigation on plaintiff claims and the defendant if it is truly unaware of the factual or legal relationship between the County and its Hospital certainly can explore theses issues in discovery. There are no Rule 9(a) allegations which require specificity.

WHEREFORE, the plaintiff prays that the court deny the defendant's Rule 12(e) motion and order the defendant to answer or otherwise plead.

BRUCE PETERSON, Plaintiff

By: /s/ Douglas G. Olson
Douglas G. Olson, Attorney

Douglas G. Olson
McGehee, Olson, Pepping, Balk & Payson, Ltd.
105 - 7th Street
Silvis, Illinois 61282
Telephone: 309/755-5096
Fax: 309/755-0499

3

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 04 CV 4032 |
| ) | |
| COUNTY OF MERCER, A LOCAL ) | |
| GOVERNMENTAL UNIT OF THE STATE) | |
| OF ILLINOIS AND AS PLAN ) | |
| ADMINISTRATOR OF THE MERCER ) | |
| COUNTY EMPLOYEE HEALTH PLAN ) | |
| AND MERCER COUNTY HOSPITAL, ) | |
| A LOCAL GOVERNMENTAL ) | |
| UNIT OF THE STATE OF ILLINOIS ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, Douglas G. Olson, one of the attorneys for Plaintiff, Bruce Peterson, hereby certify that I caused a copy of Plaintiff's Resistance to Defendant's Motion for a More Definite Statement to be served by mail on September 3, 2004, to the parties listed below:

Gregory J. McHugh               Julie A. Bruch
State's Attorney                Bridget A. Neuson
Mercer County Courthouse        O'Halloran, Kosoff, Geitner & Cook P.C.
100 S.E. Third Street           650 Dundee Road  Suite 475
Aledo, Ililnois  61231          Northbrook, Illinois  60062

_____
One of the attorneys for Plaintiff

Douglas G. Olson
McGehee, Olson, Pepping, Balk & Payson, Ltd.
105 - 7th Street
Silvis, Illinois  61282
Telephone: 309/755-5096
Fax: 309/755-0499