IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRUCE PETERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 04-4032 |
| | ) | |
| COUNTY OF MERCER, A LOCAL | ) | |
| GOVERNMENTAL UNIT OF THE STATE | ) | Judge Michael M. Mihm |
| OF ILLINOIS AND AS PLAN | ) | Removed from the Circuit Court of |
| ADMINISTRATOR OF THE MERCER | ) | Mercer County |
| COUNTY EMPLOYEE HEALTH PLAN | ) | |
| And MERCER COUNTY HOSPITAL, | ) | **JURY TRIAL DEMANDED** |
| A LOCAL GOVERNMENTAL UNIT OF | ) | |
| THE STATE OF ILLINOIS | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

NOW COMES Defendant County of Mercer, by and through its attorneys, Jane May and Julie Bruch and in answer to Plaintiff's Complaint, states as follows:

### Nature of Action

1.     This action is also brought pursuant to the Public Health Service Act (PHSA) Section 2207 42 USC 300bb et. seq.

**ANSWER:**     The defendant admits that plaintiff purports to bring a cause of action pursuant to the Public Health Service Act, but denies any violation of the Public Health Service Act.

2.     This action is brought for breach of an employment contract under Illinois Common law.

**ANSWER:**     The defendant admits that plaintiff purports to bring a cause of action for breach of an employment contract under Illinois Common law, but denies the existence of a contract, and denies any breach.

**Jurisdiction and Venue**

3.      This Court has jurisdiction over the causes of action arising under THE PUBLIC

HEALTH SERVICE AT [sic] by virtue of 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331, and 28

U.S.C. §1337.

**ANSWER:**  The defendant admits the jurisdiction of this court.

4.      This Court's jurisdiction also is invoked by Plaintiff pursuant to the supplemental

jurisdictional of this Court 42 U.S.C. 1367 and FRC Rule 8(a), the Federal Rules of Civil

Procedure and Illinois common law, in the interest of filing all causes of action between identical

parties relating to the same facts and circumstances in one lawsuit.

**ANSWER:**  The defendant admits the jurisdiction of this court.

5.      Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2), in that the Public

Health Service Plan (health plan) which is the subject of this action is administered, at least in

part, in this district, some or all of the breaches complained of took place in this district, and both

of the Defendants are found in this district.

**ANSWER:**  The defendant admits venue is proper, but denies that it violated any statute or

breached any common law duty.

6.      Venue also is proper in this district because all complained breach of the employment

contract occurred within the jurisdiction and venue of the United States District Court, Central

District of Illinois.

**ANSWER:**  The defendant admits venue is proper, but denies not only the existence of an

employment contract, but also denies that it breached any employment contract.

**Parties**

7.      Plaintiff, Bruce D. Peterson, was born on August 30, 1948, is a citizen of the State of Illinois residing in Mercer County, Illinois.

**ANSWER:**  The defendant is without knowledge sufficient to form a belief as to the truth of the matters set forth in paragraph 7.

8.      Plaintiff was hired on January 5, 1989, as Administrator of Mercer County Hospital and served in that capacity until the termination of his employment on October 9, 2002.

**ANSWER:**  The defendant admits that plaintiff was employed as Administrator of Mercer County Hospital from January of 1989 through October 9, 2002, but denies that plaintiff's employment began on January 5, 1989, as records indicate a start date of January 3, 1989.

9.      Defendant, Mercer County, is a unit of local government of the State of Illinois and is the administrator of the Mercer County Hospital Medical Plan.

**ANSWER:**  Defendant admits that it is a unit of local government of the State of Illinois, but denies that it is the administrator of the Mercer County Hospital Medical Plan.

10.     Mercer County Hospital is a local governmental unit operated by the Mercer County Hospital Board of Directors and was the employer of the Plaintiff.

**ANSWER:**  As the allegations of paragraph 10 are not directed against this defendant, no answer is required.

11.     Plaintiff is a "participant" in Mercer County Hospital Medical Plan subject to the provisions of the Public Health Service Act regarding continuation of health insurance benefits.

**ANSWER:**  The defendant admits the allegations contained in paragraph 11.

12.     Plaintiff's employment was involuntarily terminated by Defendant, Mercer County Hospital, on October 9, 2002.

**ANSWER:** The defendant admits the allegations of paragraph 12.

13.    At that time, Plaintiff had approximately thirteen (13) years of service working for

Defendant, Mercer County Hospital.

**ANSWER:** The defendant admits the allegations contained in paragraph 13.

14.    Defendant, Mercer County Hospital, is a division of Mercer County and, at all times

relevant, was an owner and operator of a medical facility in Aledo, Illinois.

**ANSWER:** The defendant admits that Mercer County Hospital was a division of Mercer County

and that Mercer County Hospital was the operator of a medical facility in Aledo, Illinois. It

denies the remaining allegations in paragraph 14.

15.    The Defendant, Mercer County Board, is the "plan sponsor" and the "administrator" of

Defendant Plan. The Mercer County Healthcare Plan is a governmental healthcare plan under

the Public Health Service Act 42 U.S.C. 300bb.

**ANSWER:** The defendant admits that the County of Mercer was the plan sponsor, and that the

Mercer County Health Care Plan is a governmental healthcare plan under the Public Health

Service Act, 42. U. S. C. 300bb. It denies the remaining allegations contained in paragraph 15.


## COUNT I

## PUBLIC HEALTH SERVICE ACT

16.    At all times relevant herein, Defendant, Mercer County, was the plan administrator of a

public health care insurance plan covered the Public Heath [sic] Service Act (PHSA) 42 U.S.C.

300bb. The PHSA required the Mercer County Healthcare to provide continuation of health

insurance coverage for the Plaintiff upon the occurrence of a qualifying event. 42 U.S.C.

300bb-3 which incorporates the provisions of COBRA.

**ANSWER:** The defendant denies that it was the plan administrator. The defendant admits that its health insurance plan was covered by the Public Health Service Act, 42 U.S. C. 300bb. It further admits that the PHSA required the County of Mercer to provide continuation of health insurance for the plaintiff upon the occurrence of a qualifying event.

17.     As part of Defendant's obligation under PHSA, the plan administrator was required to offer to Plaintiff upon his termination the option to select health insurance coverage continuation.

**ANSWER:** The defendant admits the allegations contained in paragraph 17.

18.     Following his termination, Plaintiff made a [sic] election of PHSA coverage based on a family premium rate of $419.32.

**ANSWER:** The defendant admits the allegations contained in paragraph 18.

19.     On February 20, 2003, the County issued a new family premium rates of $868.48 per month for Plaintiff and other similarly situated qualifying participants. These rates became effective on May 1, 2003.

**ANSWER:** The defendant admits that on February 20, 2003, the County issued a new family premium rate of $868.48 for plaintiff and other similarly situated qualifying participants. It denies that the rates became effective on May 1, 2003, and in further answering states that the rates became effective on March 1, 2003.

20.     On February 20, 2004 the County issued a new family premium rates of $1,110.14 per month for Plaintiff and other similarly situated qualifying participants. These rates became effective on April 1, 2004.

**ANSWER:** The defendant admits the allegations contained in paragraph 20.

21.     The PHSA requires that premiums due may be increased if the costs to the plan increase but generally must be fixed in advance of each twelve (12) month cycle.

**ANSWER:**  The defendant admits only that the Public Health Service Act states that "The determination of any applicable premium shall be made for a period of 12 months and shall be made before the beginning of such period."   42 U.S.C. Section 300bb-4(3).  To the extent that the allegations of paragraph 21 do not accurately reflect the statutory language, said allegations are denied.

22.     The county's 12-month cycle was from 01/01 to 12/31.

**ANSWER:**  The defendant denies the allegations contained in paragraph 22.

23.     The PHSA provides that the rate charged cannot exceed 102% of the cost to the plan for similarly situated individuals who have not had a qualifying event.

**ANSWER:**  The defendant admits only that the Public Health Service Act states, in part, that "The plan may require payment of a premium for any period of continuation coverage, except that such premium--(A) shall not exceed 102 percent of the applicable premium for such period." 42 U.S.C. Section 300bb-2(3)(A).  To the extent that the allegations contained in paragraph 23 do not reflect the statutory language, said allegations are denied.

24.     The PHSA rates of terminated employee were substantially in excess of similarly situated employees.

**ANSWER:**  The defendant denies the allegations contained in paragraph 24.

25.     In determining the PHSA premium rate, the Plan Administrator must follow one of two methods for determining costs of self-insured plans.

**ANSWER:**  The defendant admits only that the PHSA sets forth methods for determining premium rate.  It denies the remaining allegations set forth in paragraph 25.

26.    Defendant failed to follow either an authorized or an approved method of determining premium and arbitrarily increased the PHSA rate for Plaintiff and other employees using methods not permitted by PHSA.

**ANSWER:** The defendant denies the allegations set forth in paragraph 26.

27.    Defendants violated PHSA by:

   A)  failing to timely provide the Summary Plan Description "for the Health Care Plan";

   B)  failing to calculate rates on a 12-month period;

   C)  changing premium rates within the plan year;

   D)  failing to determine rates within 2% of similarly situated employees;

   E)  failing to use cost methodology to calculate premiums rates in accordance with the methods required by the Act and its implementing regulations.

**ANSWER:** The defendant denies the allegations set forth in paragraph 27 and further denies the allegations set forth in sub-paragraphs 27 A) through E), inclusive.

28.    Defendant, County, willfully and knowingly overcharged Plaintiff and other similarly situated [sic] a premium amount in excess of the premium permitted by law.

**ANSWER:** The defendant denies the allegations set forth in paragraph 28.

   WHEREFORE, the defendant, Mercer County, denies that plaintiff is entitled to any judgment whatsoever, and has separately moved to strike plaintiff's request for attorney's fees and monetary relief, other than out-of pocket expenses.

**COUNT II**

**BREACH OF CONTRACT**

As the allegations in Count II are directed against a separate defendant, Mercer County Hospital, no answer is required.  Insofar as the allegations contained in Count II can be construed as being directed against Mercer County, said allegations are specifically denied.

s/ Jane May
Jane May Bar Number: 6207760
Attorney for Defendant-Mercer County
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
E-mail: jmay@okgc.com

Jane M. May
Julie Bruch
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road
Suite 475
Northbrook, Illinois 60062
Telephone: (847) 290-0200
Fax: (847) 291-9230

I hereby certify that on November 1, 2004, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:

Douglas G. Olson
McGehee, Olson, Pepping, Balk & Payson, Ltd.
105-7th Street
Silvis, Illinois 61282
Telephone: (309) 755-5096
Fax: (309) 755-1499

And I hereby certify that I have mailed by United States Postal Service the document to the
following non CM/ECF participants:

Gregory J. McHugh
State's Attorney
Mercer County Courthouse
100 S.E. Third Street
Aledo, Illinois 61231

s/ Jane May
Jane May Bar Number: 6207760
Attorney for Defendant-Mercer County
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
E-mail: jmay@okgc.com

Jane M. May
Julie Bruch
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road
Suite 475
Northbrook, Illinois 60062
Telephone: (847) 290-0200
Fax: (847) 291-9230