E-FILED
Monday, 01 November, 2004  03:01:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE PETERSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 04-4032 |
| ) | |
| COUNTY OF MERCER, A LOCAL ) | Judge Michael M. Mihm |
| GOVERNMENTAL UNIT OF THE STATE) | Removed from the Circuit Court of |
| OF ILLINOIS AND AS PLAN ) | Mercer County |
| ADMINISTRATOR OF THE MERCER ) | |
| COUNTY EMPLOYEE HEALTH PLAN ) | |
| And MERCER COUNTY HOSPITAL, ) | |
| A LOCAL GOVERNMENTAL UNIT OF ) | |
| THE STATE OF ILLINOIS ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
MERCER COUNTY'S MOTION TO STRIKE PLAINTIFF'S
CLAIMS FOR ATTORNEY'S FEES AND CERTAIN DAMAGES**

NOW COMES the defendant, Mercer County, by and through its attorneys, Jane May and Julie Bruch, and for its Memorandum in Support of its Motion to Strike plaintiff's claim for attorney's fees and certain monetary damages in Count I of the complaint pursuant to Fed.R.Civ.P. 12(f), states as follows:

**Statement of the Case**

Plaintiff has filed a complaint asserting a private right of action pursuant to the Public Health Service Act, 42 U.S.C. 300bb *et seq.* (Complaint, Count I). Specifically, plaintiff alleges that after his employment was terminated by Mercer County, he elected to continue his health insurance coverage. Plaintiff complains that Mercer County a) did not timely provide a Summary Plan Description for its healthcare plan; b) failed to calculate rates on a 12-month period; c) changed premium rates within the plan year; d) failed to determine rates with 2% of

similarly situated employees; e) failed to use cost methodology to calculate premium rates. (Complaint, par. 27). Mercer County filed its answer to the substantive allegations of the complaint, but has moved to strike plaintiff's claim for attorney's fees and any damages other than plaintiff's out of pocket expenses.

## Argument

**I.    The Public Health Service Act does not allow for the recovery of attorney's fees.**

The Public Health Service Act allows for an individual aggrieved by the alleged failure of a political subdivision to bring an action for *equitable relief*. 42 U.S.C. Section 300bb-7 (emphasis added). This provision has been narrowly interpreted by federal courts. *Brett v. Jefferson County*, 123 F.3d 1429, 1435 n. 14 (11th Cir. 1997)(interpreting the term "equitable relief" narrowly to include traditional equitable remedies like injunction, declaratory relief and restitution is consistent with interpretation of a similar phrase in ERISA); *Mansfield v. Chicago Park District Group Plan*, 946 F. Supp. 586, 592 (N.D. Ill. 1996)(equitable relief typically does not include monetary damages).

In *Brett*, the Eleventh Circuit was called upon to determine whether an individual could recover attorney's fees under the Public Health Service Act. The court examined Section 300bb-7 of the Act and noted that it contains no provision regarding the recovery of fines or attorney's fees, and instead limits relief to "appropriate equitable relief." 123 F.3d at 1435. The court contrasted this provision with ERISA's remedial language, which specifically allows for the recovery of fines and attorney's fees. *Id.* Viewing the statutes together, the court determined that Congress intended to give individuals who were suing private entities under ERISA broader relief than that available to individuals who were suing public entities under the PHSA. *Id.* Thus, plaintiff's claim for attorney's fees under the PHSA was denied. *See also Mansfield*, 946

F. Supp at 591, 592 (contrasting the broader relief for attorney's fees under ERISA with the narrower remedy for "equitable relief" available under the PHSA).

Thus, in the case at bar, plaintiff's request for attorney's fees in Count I should be stricken, as such relief is not available under the PHSA.

**II.     The Public Health Service Act does not allow for monetary recovery other than out-of pocket expenses.**

Plaintiff is also seeking "judgment for Plaintiff in an amount not to exceed $50,000." As stated above, courts have interpreted the remedial provision of the PHSA narrowly. The only monetary relief potentially available under the PHSA is restitution for out-of-pocket expenses. *Mansfield*, 946 F.Supp. at 586. To the extent that plaintiff is seeking relief for monetary damages above and beyond his out-of pocket expenses, such claim should be stricken. Therefore, Mercer County moves that plaintiff's prayer for judgment other than out of pocket expenses be stricken.

WHEREFORE, Mercer County respectfully requests that plaintiff's claim for attorney's fees be stricken as well as any claim for monetary damages, other than out of pocket expenses.

s/ Jane May
Jane May Bar Number:  6207760
Attorney for Defendant-Mercer County
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847)291-0200
Fax: (847) 291-9230
E-mail:  jmay@okgc.com

Julie Bruch, Esq.
Jane M. May, Esq.
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230

3

I hereby certify that on November 1, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Douglas G. Olson
McGehee, Olson, Pepping, Balk & Payson, Ltd.
105-7th Street
Silvis, Illinois 61282
Telephone: (309) 755-5096
Fax: (309) 755-1499

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Gregory J. McHugh
State's Attorney
Mercer County Courthouse
100 S.E. Third Street
Aledo, Illinois 61231

                                                s/ Jane May
                                                Jane May Bar Number:  6207760
                                                Attorney for Defendant-Mercer County
                                                O'Halloran, Kosoff, Geitner & Cook, P.C.
                                                650 Dundee Road, Suite 475
                                                Northbrook, Illinois 60062
                                                Telephone: (847)291-0200
                                                Fax: (847) 291-9230
                                                E-mail:  jmay@okgc.com

Julie Bruch, Esq.
Jane M. May, Esq.
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230